# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Hon. Marianne O. Battani |
| IN RE:  WIRE HARNESSES<br>IN RE:  OCCUPANT SAFETY SYSTEMS | Case No. 2:14-cv-14451-MOB-MKM<br>Case No. 2:14-cv-00107-MOB-MKM<br>Case No. 2:15-cv-12050-MOB-MKM<br>Case No. 2:15-cv-00607-MOB-MKM |
| THIS DOCUMENT RELATES TO TRUCK AND EQUIPMENT DEALER CASES | |

**TRUCK AND EQUIPMENT DEALER PLAINTIFFS' MOTION FOR APPROVAL OF ALLOCATION PLANS FOR SETTLEMENTS PRELIMINARILY APPROVED BY THE COURT**

The Truck and Equipment Dealer Plaintiffs hereby move the Court for approval of Plans of Allocation for certain parts at issue in the settlements between the Truck and Equipment Dealer Plaintiffs and the Settling Defendants in the above matters.  This Motion is based upon the argument and authority set forth in the Memorandum submitted in support of this Motion.

                                      Respectfully submitted,

Dated:  November 7, 2016

By:    /s/ J. Manly Parks
Wayne A. Mack (PA Bar #46654)
J. Manly Parks (PA Bar #74647)
Andrew R. Sperl (PA Bar #311467)
William Shotzbarger (PA Bar #320490)
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA  19103
Phone: (215) 979-1000
Fax: (215) 979-1020
wamack@duanemorris.com
jmparks@duanemorris.com
arsperl@duanemorris.com
wshotzbarger@duanemorris.com

*Counsel for Truck and Equipment Dealer Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Hon. Marianne O. Battani |
| IN RE: WIRE HARNESSES<br>IN RE: OCCUPANT SAFETY SYSTEMS | Case No. 2:14-cv-14451-MOB-MKM<br>Case No. 2:14-cv-00107-MOB-MKM<br>Case No. 2:15-cv-12050-MOB-MKM<br>Case No. 2:15-cv-00607-MOB-MKM |
| THIS DOCUMENT RELATES TO TRUCK AND EQUIPMENT DEALER CASES | |

**TRUCK AND EQUIPMENT DEALER PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ALLOCATION PLANS FOR SETTLEMENTS PRELIMINARILY APPROVED BY THE COURT**

# STATEMENT OF ISSUES PRESENTED

1. Whether the Court should approve the Plans of Allocation for parts involved in the Truck and Equipment Dealer settlement classes for which the Court previously granted final approval?

   **Suggested Answer: Yes**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

- *In re Packaged Ice Antitrust Litigation*, No. 08-MD-01952, 2011 WL 6209188, at *15-16 (E.D. Mich. Dec. 13, 2011)

# TABLE OF CONTENTS

                                                                    **Page**

Introduction ...........................................................................................................................1

Background ..........................................................................................................................1

      I.      The Plans of Allocation of Parts Involved in the Settlements ...................................1

Argument .............................................................................................................................2

      I.      The Court Should Approve the Plans. .......................................................................2

Conclusion ...........................................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aetna, Inc.*, No. Civ. A. MDL 1219, 2001 WL 20928 (E.D. Pa. Jan.4, 2001) ........................ 3

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003) ..................................... 2-3

*In re Ikon Office Solutions Sec. Litig.*, 194 F.R.D. 166 (E.D. Pa. 2000) ......................................... 3

*Meijer, Inc. v. 3M*, Civ. No. 04-5871, 2006 WL 2382718 (E.D. Pa. 2006) ................................... 3

*In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 6209188 (E.D. Mich. Dec. 13, 2011) ................................................................................................................ 2-3

**Other Authorities**

Fed. R. Civ. P. 30(b)(1) ...................................................................................................................3

Fed. R. Civ. P. 30(b)(6) ...................................................................................................................3

**INTRODUCTION**

Truck and Equipment Dealer Plaintiffs ("TEDPs") seek approval of two plans of allocation (the "Plans"): one for the *Wire Harnesses* case settlements and the other for the *Occupant Safety Systems* case settlements.  Through this motion, TEDPs respectfully request that the Court approve the Plans being submitted with this Motion.  As with the allocation plans previously approved by the Court in this MDL, the Plans were developed using information obtained during discovery and from cooperating settling Defendants.  TEDPs' allocation consultant, William Wickersham, was involved in the development of the Plans and supports their approval.

**BACKGROUND**

I.      **The Plans of Allocation of Parts Involved in the Settlements**

The terms of the Truck and Equipment Dealer settlements preliminarily approved by the Court require considerable cooperation from the settling Defendants.  Using information obtained from such cooperation and through discovery, TEDPs' counsel and their allocation consultant, William Wickersham, have developed the Plans for fairly distributing the settlement proceeds to eligible members of the Truck and Equipment Dealer settlement classes.

Counsel for TEDPs used information available about the parts, brands, and models targeted by anticompetitive conduct to devise a point-based system that provides greater weight to the purchase of models and brands for which there is more significant evidence that efforts were made to coordinate bids and fix prices for component parts used in those vehicles.  (*See* Exs. A and B.)  The Plans use an approach similar to the allocation plans the Court approved for the Auto Dealer settlements in the *Wire Harnesses* and *Occupant Safety Systems* cases.

**ARGUMENT**

I.   **The Court Should Approve the Plans.**

TEDPs request that the Court approve the Plans.  The Plans fairly and equitably distribute the net settlement proceeds to members of the Settlement Classes who submit claim forms for new vehicles and affected component parts purchased in the Included States.[1]  They use information available about the parts and brands and models targeted by anticompetitive conduct and apply a point-based system that provides greater weight to the purchase of models and brands for which there is evidence that efforts were made to coordinate bids and fix prices for component parts used in those vehicles. (*See* Exs. A-B).

The Plans provide a scoring system for vehicles and parts purchased by eligible Truck and Equipment Dealers. (*See* Exs. A-B).  Every eligible dealerships that submits a valid claim will receive a minimum allocation of ten points under the Plans, thereby ensuring some proportional recovery by every such member of the Settlement Classes. (*Id.*)

The Plans provide a fair and reasonable method for distributing the settlement funds, provide eligible members of the Settlement Classes with information about how the calculations will be made, and therefore should be approved by the Court.  *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 531 (E.D. Mich. 2003).  "'Approval of a plan of allocation of a settlement fund in a class action is governed by the same standards of review applicable to approval of the settlement as a whole; the distribution plan must be fair, reasonable and adequate.'" *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 6209188, at *15-16 (E.D. Mich.

---

[1] The Included States are as follows:  Arizona, Arkansas, California, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

Dec. 13, 2011) (quoting *Meijer, Inc. v. 3M*, Civ. No. 04-5871, 2006 WL 2382718, at*17 (E.D. Pa. 2006)); *In re Ikon Office Solutions Sec. Litig.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000)).

"'Courts generally consider plans of allocation that reimburse class members based on the type and extent of their injuries to be reasonable.'" *In re Packaged Ice*, 2011 WL 6209188, at *15-16 (quoting *In re Aetna, Inc.*, No. Civ. A. MDL 1219, 2001 WL 20928, at *12 (E.D. Pa. Jan.4, 2001)); *Cardizem*, 218 F.R.D. at 531 (approving a plan as fair and reasonable that adopted a pro rata method for calculating each class member's share of the settlement fund). The approach used by the Plans provides reimbursement to the eligible members of the Settlement Classes based on the relative extent of injury the Truck and Equipment Dealers believe they sustained. The Plans assign weighted point scores based on the volume of purchases of affected vehicles and parts.

Vehicles and parts for which there is significant evidence of coordinated bid and pricing activity receive more weight. Through written discovery, extensive document review, Fed. R. Civ. P. 30(b)(1) and 30(b)(6) depositions, and attorney proffers and other forms of cooperation, TEDPs discovered substantial evidence of coordination by certain Defendants for certain vehicle parts. This coordination was often tied to requests for quotations ("RFQs") from original equipment manufacturers ("OEMs") for certain specific makes and models of vehicles to Defendant vehicle parts suppliers. Specifically, in the *Wire Harnesses* case, the makes and models of medium-duty trucks outlined in Exhibits A and B were believed to be affected by Defendants' price-fixing and bid-rigging. Thus, the makes and models in Exhibits A and B reflect vehicles that TEDPs believe were most affected by the conspiracy, and, therefore, the dealers of those trucks should receive a higher allocation of settlement funds.

This approach provides a fair and reasonable method for allocating more money to those Truck and Equipment dealers who sold more of the affected parts and vehicles. Both plans ensure that every valid claimant will receive some payment, the amount of which will depend on the number of valid claims submitted. The allocation plans also permit claims for replacement parts. The Plans and claims process are also designed to minimize the burden on Truck and Equipment Dealers in making a claim. These claims will be subject to audit by the settlement administrator. Accordingly, TEDPs believe that the Court should approve the Plans for the Truck and Equipment Dealer settlements involving Wire Harness Systems and Occupant Safety Systems.

## CONCLUSION

For the foregoing reasons, the Truck and Equipment Dealers respectfully request that the Court grant approval of the Plans of Allocation submitted with this motion.

Respectfully submitted,

Dated: November 7, 2016

By: /s/ J. Manly Parks
Wayne A. Mack (PA Bar #46654)
J. Manly Parks (PA Bar #74647)
Andrew R. Sperl (PA Bar #311467)
William Shotzbarger (PA Bar #320490)
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA  19103
Phone: (215) 979-1000
Fax: (215) 979-1020
wamack@duanemorris.com
jmparks@duanemorris.com

*Counsel for Truck and Equipment Dealer Plaintiffs*

4

## CERTIFICATE OF SERVICE

    I, J. Manly Parks, hereby certify that I caused a true and correct copy of Truck and Equipment Dealer Plaintiffs' Motion and Memorandum in Support of Motion for Approval of Allocation Plans for Settlements Preliminarily Approved by the Court to be served via email upon all registered counsel of record via the Court's CM/ECF system on November 7, 2016.

                                        /s/ J. Manly Parks
                                        J. Manly Parks

DM1\7303374.3